IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 115-090 |
| | * | |
| BENNIE W. JOHNSON | * | |

ORDER

On October 11, 2016, Defendant Bennie W. Johnson filed a "Motion Requesting a Judicial Recommendation" asking this Court to recommend to the Bureau of Prisons that he be placed in a half-way house for six months as opposed to the four-months he is currently scheduled to serve.

On March 21, 2016, this Court sentenced Johnson to serve 13 months in prison followed by three years of supervised release upon his plea of guilty to one count of wire fraud. He was also ordered to pay $1,160.001.01 in restitution and a $100 special assessment.

The "primary authority to designate [a] defendant's manner and place of confinement at any stage during execution of his prison sentence rests with the Bureau of Prisons, not with the Court."[1] United States v. Morales-Morales, 985 F.

---

[1] Johnson invokes the Second Chance Act of 2007 in his motion. "The Second Chance Act does not empower the court to reduce sentences or change the location of where a sentence is to be served. That authority remains vested in the Bureau of Prisons. The Second Chance Act expands the authority of the Bureau of Prisons to allow a prisoner serving a sentence of incarceration to spend up to twelve months in a half-way house so as to ease the transition from prison to freedom. Thus, the Second Chance Act grants expanded authority to the Bureau of Prisons regarding half-way house service, but does not vest the authority in this court." United

Supp. 229, 231 (D.P.R. 1997); Veneziano v. Grayer, No. 1:07-CV-2047 TW, 2008 WL 542638, at *2 (N.D. Ga. Feb. 22, 2008) ("An aspect of the execution of a federal prisoner's sentence is the BOP's choice of his place of confinement.") (citations omitted). Should Johnson wish to mount a legal challenge to the BOP's decision to grant just four months in a half-way house, he must file a petition for habeas corpus under 28 U.S.C. § 2241 in the District of South Carolina. See United States v. Kinsey, 393 F. App'x 663, 664 (11th Cir. 2010) (stating that the execution of a sentence is properly challenged under § 2241); United States v. Pruitt, 417 F. App'x 903, 904 (11th Cir. 2011) ("A petition for writ of habeas corpus pursuant to § 2241 may be brought only in the district court for the district in which the inmate is incarcerated.") (citation and internal quotation marks omitted).

To the extent Johnson seeks only a recommendation, the Court declines to provide the requested recommendation letter to the Bureau of Prisons. This Court sentenced Johnson pursuant to the Sentencing Reform Act of 1984 and fully weighed the 18 U.S.C. § 3553(a) factors. It adheres to the letter *and spirit* of the rule that it may not modify a term of imprisonment once it has been imposed, except where expressly permitted. See 18 U.S.C. § 3582. To make gratuitous judicial

---

States v. Squire, No. CR 3:09-502-JFA, 2012 WL 3848364, at *1 (D.S.C. Sept. 5, 2012).

2

recommendations at the post-conviction stage too closely resembles reconsideration of the sentence that the Court already carefully considered. The Court is unwilling to do this.

For these reasons, the Court **DENIES** Johnson's "Motion Requesting a Judicial Recommendation." (Doc. 17.)

**ORDER ENTERED** at Augusta, Georgia, this 18th day of October, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA